## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| KENNETH REVEN McCLAIN, #33793-177, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | 3:07-CV-2010-B |
| ) | |
| JEFF TERRY, et al., ) | |
|     Defendants. ) | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the Court in implementation thereof, this cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a *pro se* civil rights action brought by a federal prisoner pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), and 42 U.S.C. §§ 1985 and 1986.

Parties: Plaintiff is confined within the Federal Bureau of Prisons in Beaumont, Texas. Defendants are U.S. Postal Inspectors Jeff Terry, Marc Ewing, Tim Vasquez, Ty Hiter, Gary Arlin, Don Smiddy, and other presently unknown agents; Federal Emergency Management Association (FEMA) Agent Steve Flowers; Federal Prosecutors Aarron Wiley and Chad Meachum; U.S. Probation Officer Casey Kimbal; private individual Will Bueschel and Andrew Hamann, who allegedly aided U.S. Postal Inspectors; unknown U.S. Marshall Officer(s); defense attorneys Thomas R. Cox, Maria Tu, and James P. Whalen; and former stand-by counsel on direct appeal Jason Hawkins.

The Court did not issue process in this case, pending preliminary screening.

Statement of Case: On September 7, 2006, a jury convicted Plaintiff of (1) conspiracy to defraud FEMA by aiding in the filing of false claims, (2) filing of false claims against an agency of the United States and aiding and abetting, (3) mail fraud, (4) use of postal fictitious name or address in connection with unlawful activities, and (5) aggravated identify theft. *United States v. McClain,* 3:05-cr-332-G (N.D. Tex., Dallas Div.). Punishment was assessed at an aggregate term of 126-month imprisonment, and a three-year term of supervised released. *Id.* A direct criminal appeal is presently pending before the U.S. Court of Appeals for the Fifth Circuit. *See* No. 06-10971. Plaintiff is proceeding pro se on direct appeal and his standby counsel was relieved of all duties. *See Id.*, June 26, 2007 order.

The complaint in this case stems exclusively from the events leading to Plaintiff's arrest, prosecution and subsequent conviction for the criminal charges in No. 3:05-cr-332-G. He seeks monetary relief.

In eighty-eight separate grounds for relief, Plaintiff alleges primarily constitutional violations, with related conspiracy and "neglect to prevent conspiracy" claims, seeking to undermine his arrest, trial and conviction. He seeks to raise Fourth Amendment search and seizure claims (Counts 1-2, 9-14, 35-38, 52-57, 60-63, 78-83), fabrication of false incriminating evidence claims (Counts 3-6), Fifth Amendment due process clause and Sixth Amendment right to a fair trial and access to counsel claims (Counts 15-18, 21-26, 28-34, 39-42, 64-65, 68-73, 84), Fifth Amendment Equal Protection Clause claims (Counts 27-28, 74-77), and tampering with witness claims (Counts 48-51).

Plaintiff also seeks to raise claims (along with associated conspiracy and "neglect to prevent conspiracy" allegations) which do not appear undermine his underlying arrest and

conviction. He alleges harm to his reputation as a result of libel and slander (Counts 7-8, 58), denial of his first amendment rights because he was held incommunicado for two weeks following his arrest (Counts 19-20, 66-67), denial of due process when his appellate attorney refused to file a motion for release from detention pending appeal (Counts 43), cruel and unusual punishment/deliberate indifference because defendants' conduct caused plaintiff "severe emotional stress, physical and mental suffering due to being arrest[ed], no[t] bonded, put on trial, convicted [and] imprisoned" (Counts 44-45, 85-86), and tortious interference with prospective economic advantage (Counts 46-47, 87-88).

Findings and Conclusions: Although Plaintiff paid the $350.00 filing fee, his complaint is subject to preliminary screening under 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578 (5th Cir. 1998) (the statutory screening provision under § 1915A applies to all prisoners' actions against governmental entities, their officers and employees, regardless of whether the prisoner is proceeding *in forma pauperis*).[1]

Section 1915A(b) provides for *sua sponte* dismissal if the Court finds that the complaint is "frivolous." A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827 (1989). In *Denton v. Hernandez*, 504 U.S. 25, 32, 112 S. Ct. 1728, 1733 (1992), the Supreme Court recognized that a court may

---

[1] Section 1915A provides in pertinent part that:
The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which *a prisoner* seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.
28 U.S.C. § 1915A(a) and (b) (emphasis added).

3

dismiss a complaint as frivolous when it is based on an indisputable meritless legal theory or when the factual contentions are "clearly 'baseless.'" The latter category encompasses claims which describe "fantastic or delusional" scenarios, or which "rise to the level of the irrational or the wholly incredible." *Id.* at 33, 112 S. Ct. at 1733.[2]

The court liberally construes Plaintiff's complaint with all possible deference due a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 596 (1972) (allegations of *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers). Even under this most liberal construction, the complaint is frivolous and should be dismissed.

Plaintiff's defamation claim fails to raise a federal constitutional violation. Allegations of an injury solely to a plaintiff's reputation or character are insufficient to establish liability for civil rights violation under 42 U.S.C. § 1983. *See Paul v. Davis,* 424 U.S. 693, 711-12, 96 S. Ct. 1155 (1976) (interest in reputation alone does not implicate a "liberty" or "property" interest sufficient to invoke due process protection under § 1983); *Cinel v. Connick,* 15 F.3d 1338, 1343 (5th Cir. 1994) (same); *Oliver v. Collins,* 904 F.2d 278, 281 (5th Cir. 1990) (same); *see also Mowbray v. Cameron County, Tex.*, 274 F.3d 269, 277 (5th Cir. 2001).

Next Plaintiff complains that he was held incommunicado, without access to a phone and/or writing supplies, for two weeks following his November 30, 2005 arrest. Even assuming the truth of the above statement, the denial was only temporary. The record reflects that Plaintiff appeared for an initial appearance on December 1, 2005, and that he advised the court that he would retain counsel. The following day, counsel faxed an entry of appearance. On December

---

[2] Since Plaintiff does not challenge the conditions of his confinement, exhaustion of administrative remedies under 42 U.S.C. § 1997e(c) is inapplicable.

9, 2005, Plaintiff appeared with his retained counsel at a preliminary and detention hearing.

Insofar as Plaintiff seeks to raise a general denial of his right of access to the courts, *see Bounds v. Smith*, 430 U.S. 817, 822, 97 S. Ct. 1491 (1977), his claim fares no better. The right of access to the courts for prisoners is not unlimited. "[I]t encompasses only 'a reasonably adequate opportunity to file nonfrivolous legal claims challenging their convictions or conditions of confinement.'" *Johnson v. Rodriguez*, 110 F.3d 299, 310-11 (5th Cir. 1997) (quoting *Lewis v. Casey*, 518 U.S. 343, 355, 116 S.Ct. 2174, 2182 (1996)). Before an inmate may prevail on a claim that his constitutional right of access to the courts was violated, he must demonstrate that he suffered "actual injury" -- i.e. that the denial of access "hindered his efforts to pursue a legal claim." *Lewis*, 518 U.S. at 351. *See also McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir. 1998).

Plaintiff does not contend that his position as a litigant was prejudiced in any way during the first two weeks of pre-trial detention. Plaintiff neither sought to challenge a prior conviction nor the conditions of his confinement. Rather, his allegations focus solely on the criminal charges which were then pending against him, and on which he was represented by appointed counsel. Therefore, the alleged denial of access to a phone and writing supplies for two weeks fails to raise a cognizable constitutional claim. *Cf. Caraballo v. Federal Bureau of Prisons*, 124 Fed. Appx. 284, 285 (5th Cir. 2005) (federal inmate who had court-appointed counsel on direct appeal had no constitutional right of access to a law library in preparing his defense); *Gordon v. Police Jury of Jefferson Davis Parish*, 2001 WL 1468183, *1 (5th Cir. 2001) (unpublished per curiam) (state inmate who was represented by counsel in criminal proceeding was not entitled to relief on claim that he did not have access to law library).

5

Plaintiff's claim against his former appellate attorney, Jason Hawkins, for refusing to file a motion for release from detention pending appeal, are not cognizable in this action. *Bivens* and 42 U.S.C. § 1983 affords redress only for conduct committed by a person acting under color of federal or state law.[3] It is well established, however, that neither appointed nor retained counsel acts under color of state law in representing a defendant at trial or on direct appeal. *See Polk County v. Dodson*, 454 U.S. 312, 325, 102 S. Ct. 445 (1981) (holding that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding); *Mills v. Criminal Dist. Ct. No. 3*, 837 F.2d 677, 679 (5th Cir. 1988) (holding that "private attorneys, even court-appointed attorneys, are not official state actors, and generally are not subject to suit under section 1983"); *Russell v. Millsap*, 781 F.2d 381, 383 (5th Cir. 1985) (holding that retained attorney does not act under color of state law). The same rationale applies to appointed or retained counsel in a federal criminal case. *See McLeod v. Knowles*, 189 Fed. Appx. 297, 2006 WL 1738286, *1 (5th Cir. 2006) (unpublished per curiam) (extending *Polk County v. Dodson* to a *Bivens* action against court appointed counsel). As such the conduct of Mr. Hawkins in representing Plaintiff on direct appeal is not cognizable in this action.

In addition, Plaintiff's claims alleging "severe emotional distress" and "tortious

---

[3] In order to state a civil rights claim cognizable under § 1983 or *Bivens*, a plaintiff must allege that (1) he was deprived of a right secured by the Constitution or law of the United States; and (2) the deprivation was caused by one acting under color of state or federal law. *West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250 (1988) (for elements of § 1983 action); *Evans v. Ball*, 168 F.3d 856, 863 n. 10 (5th Cir. 1999) (noting that "[a] *Bivens* action is analogous to an action under § 1983-the only difference being that § 1983 applies to constitutional violations by state, rather than federal, officials"). Absent either element, a claim is not cognizable under either § 1983 or *Bivens*.

interference with prospective economic advantage" are factually frivolous. The allegations describe fantastic or delusional scenarios which are clearly irrational and incredible. Plaintiff complains that defendants' conduct interfered with his ability to continue his work in "infectious diseases" and/or enter into a better business relationship. (Count 46). He allegedly endures "mental and physical suffering and anguish knowing people [are] catching/dying over infectious diseases when [he] could have stopped it." (Count 44).

The remaining claims seek to raise alleged constitutional violations stemming directly from Plaintiff's arrest, prosecution and conviction in No. 3:05cr332-G. A ruling in Plaintiff's favor on his Fourth, Fifth and Sixth Amendment claims would undermine the validity of his conviction and sentence.

In *Heck v. Humphrey*, 512 U.S. 477, 486-87, 114 S. Ct. 2364 (1994), the Supreme Court stated:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, [footnote omitted] a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

The *Heck* Court unequivocally held that unless an authorized tribunal or executive body has overturned or otherwise invalidated the plaintiff's confinement, his claim "is not cognizable under [section] 1983." *Id.* at 487. The *Heck* "favorable termination" requirement applies to *Bivens* actions, as well as civil rights actions under 42 U.S.C. §§ 1983, 1985, and 1986. *Stephenson v. Reno,* 28 F.3d 26, 27 (5th Cir. 1994).[4]

---

[4] In *Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005), the Supreme Court repeated its long-held conclusion that prisoners must challenge their claims in habeas if "they seek to

Plaintiff's own assertions in the complaint confirm that he cannot satisfy the favorable termination requirement set out in *Heck*. His direct criminal appeal, which raises some of the issues in this case (including Plaintiff's alleged Fourth Amendment violations), is presently pending before the Fifth Circuit. Plaintiff is, therefore, precluded from maintaining a civil cause of action at the present time challenging his arrest, prosecution, and conviction. *Heck*, 512 U.S. at 488-89; *accord Randell v. Johnson*, 227 F.3d 300, 301 (5th Cir. 2000) ("Because [plaintiff] is seeking damages pursuant to § 1983 for unconstitutional imprisonment and he has not satisfied the favorable termination requirement of *Heck*, he is barred from any recovery . . . .").[5]

The court should dismiss Plaintiff's claims, which seek to undermine his criminal conviction in No. 3:05-cr-332-G, with prejudice as frivolous to their being asserted again until the *Heck* conditions are met. *See Johnson v. McEleveen*, 101 F.3d 423, 424 (5th Cir. 1996) (noting preferred language); *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996) (§ 1983 claim which falls under the rule in *Heck* is legally frivolous); *see also Marts v. Hines*, 117 F.3d 1504, 1506 (5th Cir. 1997) (holding that dismissals as frivolous or malicious under 28 U.S.C. § 1915(e)(2) should be deemed to be dismissals with prejudice unless the district court specifically dismisses without prejudice).

In his recent motion to supplement the complaint, Plaintiff seeks leave to add Magistrate Judge Jeff Kaplan and District Judge A. Joe Fish as new defendants. He seeks to raise ten claims

---

invalidate the duration of their confinement--either *directly* through an injunction compelling speedier release or *indirectly* through a judicial determination that necessarily implies the unlawfulness of the State's custody." In doing so it reaffirmed the *Heck* favorable termination requirement. *Id.* at 82.

[5] Plaintiff's appellate brief and reply brief, totaling 188 and 29 pages respectively, are available on the Fifth Circuit's website.

against them in connection with their rulings at trial and at sentencing.

Although Rule 15(a)(1)(A), of the Federal Rules of Civil Procedure, authorizes a plaintiff to amend his complaint once as a matter of course before a defendant has filed an answer, Section 1915A (b), *supra,* authorizes the court to dismiss a complaint or any portion thereof, if it is frivolous or it seeks to obtain monetary relief against a defendant who is immune. For the reasons stated above any claims against these judicial officers are subject to the *Heck* "favorable termination" requirement. Moreover, the actions of these judges are subject to absolute judicial immunity. McClain has also failed to submit his proposed amended complaint adding these judges as defendants as required by Local Rule 15.1 Because Section 1915A would bar an action against these individuals, his recent motion to supplement his complaint is wholly irrelevant to disposition of the present action.

RECOMMENDATION:

For the foregoing reasons, it is recommended that Plaintiff's complaint be DISMISSED with prejudice as frivolous. *See* 28 U.S.C. § 1915A(b)(1).

It is further recommended that Plaintiff's motion to reduce the relief amount (docket # 15) be GRANTED, and that his motions to supplement the complaint and for an extension of

time to serve the defendants (docket #14 and #16) be DENIED the same being moot.

A copy of this recommendation will be mailed to Plaintiff.

Signed this 2nd day of May, 2008.

*Wm. F. Sanderson, Jr.*
_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.